1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

| FITNESS BRANDS, INC., | CASE NO. 11cv467 DMS (POR) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR ENTRY OF DEFAULT** |
| vs. | |
| HSINCHU JAO-HSING TSAI, | |
| Defendant. | |

In this action seeking declaratory relief that Defendant's patent has not been infringed, Plaintiff filed a request for entry of default under Federal Rule of Civil Procedure 55(a). Plaintiff claims that it properly served Defendant in Taiwan, but Defendant has not appeared. The declaration filed in support or the request for entry of default together with the proof of service of summons on file do not demonstrate that service complied with Federal Rule of Civil Procedure 4(f). Plaintiff's request for entry of default is therefore **DENIED**.

Service of process on individuals abroad is governed by Federal Rule of Civil Procedure 4(f). Because Taiwan is not a signatory to any international treaty or convention regarding service of process, Rule 4(f)(1) is inapplicable. Furthermore, because Plaintiff has not applied to this Court to issue an order regarding the manner of service, Rule 4(f)(3) is also inapplicable. The applicable rule governing service of process is therefore Rule 4(f)(2), which provides in pertinent part as follows:

> (2) if there is no internationally agreed means [an individual may be served at a place not within any judicial district of the United States] by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action

1
2
3
4
5

      in its courts of general jurisdiction;
      (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
      (C) unless prohibited by the foreign country's law, by:
      (i) delivering a copy of the summons and of the complaint to the individual personally; or
      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt . . ..

6   Plaintiff filed a Proof of Service -- Summons and Complaint showing Defendant was served
7 by first class mail, postage prepaid and by e-mail. (*See* Docket no. 4 & 7.) According to the Bureau
8 of Consular Affairs, United States Department of State, "Service of process in Taiwan can be effected
9 by international registered mail/return receipt requested; by agent, generally a local attorney; or
10 pursuant to a letter rogatory." http://travel.state.gov/law/judicial/judicial_669.html (Oct. 21, 2011).
11 Therefore, neither of the methods of service described in Plaintiff's proof of service complies with
12 Rule 4(f)(2).

13   In the affidavit filed in support of its motion for entry of default, Plaintiff's counsel stated
14 Defendant was also served by registered mail and FedEx. However, no proof that such service was
15 sent or received has been filed with the Court. Moreover, Plaintiff admits delivery of service via
16 FedEx to Defendant's work address has not been confirmed. In the absence of proof that service was
17 sent by registered mail or FedEx, and proof of receipt, Plaintiff's motion for entry of default is denied.

18   In the same affidavit Plaintiff's counsel also asserts that service was made on the law firm
19 responsible for making a patent filing on Defendant's behalf, but that no response has been received.
20 The affidavit does not identify the counsel or indicate the country in which his or her office is located.
21 In any event, this method of service does not comply with Rule 4(f)(2).

22   Finally, Plaintiff contends that service via e-mail to the address from which Defendant had
23 previously sent correspondence to Plaintiff is proper. Defendant has not shown that service by e-mail
24 is not prohibited by the law of Taiwan. The Court therefore cannot conclude that service was proper
25 under Rule 4(f)(2). Furthermore, Plaintiff's reliance on *Rio Properties, Inc. v. Rio Interlink*, 284 F.3d
26 1007 (9th Cir. 2002), in support of service by e-mail is unavailing. The Court in *Rio Properties* held,
27 in a decision of first impression, that the District Court did not abuse its discretion under Rule 4(f)(3)
28 by permitting service by mail and e-mail, after it had balanced the constitutional considerations of due

1  process and the facts of the case. Here, Plaintiff has not applied to Court for an order allowing service
2  by e-mail. Rule 4(f)(3) therefore does not apply. Furthermore, the Court would be loath to approve
3  service by e-mail, unless Plaintiff presented legal authority or evidence that service by e-mail is not
4  prohibited by the law of Taiwan, addressed the limitations of e-mail service discussed in *Rio*
5  *Properties*, 284 F.3d at 1018-19, presented evidence that Defendant still uses the e-mail address he
6  used in January 2011, and thoroughly addressed the pertinent facts of this case, including why other
7  means of service have not been effective in reaching Defendant.

8  Based on the foregoing, Defendant's motion for entry of default is **DENIED**.

9  **IT IS SO ORDERED.**

11  DATED: October 24, 2011

13  HON. DANA M. SABRAW
United States District Judge